Robert G. PRICE, Appellee,

v.

Janet Berrier PRICE, Appellant.

No. 69270.

Court of Appeals of Oklahoma,
Division No. 1.

July 18, 1989.

Kathleen Flanagan, Walters, for appellant.

James H. Ivy, Waurika, for appellee.

## MEMORANDUM OPINION

HUNTER, Judge:

Upon consideration of the briefs and the record in the above-styled matter, the Court finds:

(1) Appellant seeks reversal of the trial court's order striking her dismissal of one of several counts, in an action for indirect civil contempt against her former husband.

(2) Appellant filed contempt proceedings against her former husband, containing several counts of alleged contempt for failure to obey certain portions of her divorce decree. Prior to trial on the merits, she filed a dismissal without prejudice of one count of contempt. Appellee filed a motion to strike her dismissal which was sustained by the trial court. The trial court then proceeded to hear all the matters and found Appellee not guilty of contempt, but ordered certain funds paid to Appellant.

(3) After this appeal was filed, Appellee sought to have it dismissed on the grounds that it was moot. Appellant's answer pointed out that it was not moot for two reasons. First, the trial court's judgment was not a final judgment of all issues between the parties, but only as to the contempt. Second, the alleged error of the trial court was capable of being repeated as between the parties. We agree that the appeal is not moot.

(4) The sole issue for our decision is whether a party who has filed a civil contempt action to enforce various provisions of a divorce decree may, as a matter of right, dismiss one or more counts without court approval. Alternatively, the issue may be presented as whether the trial court may strike a voluntary dismissal of one or more counts in a civil contempt action and require the complainant to try the action.

(5) Appellant equates indirect civil contempt with any civil action and relies on the common law right of dismissal together with 12 O.S.1981 §§ 683 and 684 as well as a number of opinions from the Oklahoma Supreme Court which we find to be distin-

guishable and not applicable here. Appellee responds with the argument that indirect civil contempt is a special proceeding and, therefore, 12 O.S.1981 § 684 does not apply. No authority is presented other than 21 O.S.1981 §§ 565, 566 and 567 defining indirect contempt, providing punishment and providing procedural guidelines if jury trial is demanded.

■ (6) Generally, subject to few exceptions, a complainant has a common law and statutory right to control his cause by dismissal at his pleasure on payment of costs. We find no compelling reason to carve out a new exception in the case before us.

■ (7) This appearing to be a case of first impression, we hold that the complaining party in an action for indirect civil contempt, brought for the purpose of enforcing the terms of a divorce decree, may, as a matter of right and without an order of court, dismiss all or part of that action upon payment of costs, and upon such dismissal, the trial court loses jurisdiction over the portion or portions dismissed.

The order of the trial court striking Appellant's dismissal of a portion of her complaint for indirect contempt is REVERSED.

GARRETT, P.J., and MacGUIGAN, J., concur.